IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BEN DIEP, a New York citizen,

        Plaintiff,        CV 04-984-HA

                      ORDER

DURST-PRO-USA, INC., an Oregon
corporation, WORLD IMAGES, INC., an
Oregon corporation, and JENS J.
JENSEN, an Oregon citizen,

        Defendants.
_____

HAGGERTY, Chief Judge:

     On May 19, 2005, plaintiff filed a Motion to File a Second Amended Complaint to add claims for breach of warranty and punitive damages (Doc. #32). Defendants' response was due on June 2, 2005. Defendants failed to file a response. Plaintiff filed a "Reply" on June 6, 2005, asserting that his motion appeared to be unopposed and requesting a ruling in his favor. On June 9, 2005, defendants filed their "Response."

Page 1    Opinion and Order

Under Federal Rule of Civil Procedure 6(b)(2), where the specified period for the performance of an act has expired, the district court may enlarge the time period and permit the tardy act where the omission is the "result of excusable neglect." The concept of excusable neglect is somewhat elastic, and courts have permitted late filings due to inadvertence, mistake, or carelessness. *Pincay v. Andrews*, 351 F.3d 947, 950 (9th Cir. 2003). Conversely, ignorance or misinterpretation of the rules does not constitute excusable neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Here, defense counsel asserts that the tardy response is due to a calendaring error. The court finds that this explanation falls within the ambit of "excusable neglect" and, therefore, considers defendants' response timely.

Generally, leave to amend a pleading "shall be freely given when justice so requires," and this policy is to be applied liberally. Fed. R. Civ. P. 15(a); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citations omitted). Amendments seeking to add claims should be granted more freely than amendments seeking to add parties. *Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991). However, the court's discretion to deny leave to amend is more broad when the plaintiff has already filed an amended complaint. *Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir. 2000).

The initial Complaint was filed on July 20, 2004. The parties stipulated to the filing of an Amended Complaint, which the court granted, and which was filed on September 22, 2004. Defendants have no objection to plaintiff's filing of an amended complaint to add a claim for breach of warranty. Accordingly, plaintiff's motion is granted with respect to the breach of warranty claim.

This litigation arises out of a breach of contract between plaintiff and defendant Jens Jensen (Jensen). Jurisdiction rests on diversity of citizenship. In addition to the breach of contract claim,

plaintiff alleges fraud, intentional and negligent misrepresentation, and violations of Oregon's Unlawful Trade Practices Act (UTPA). Plaintiff's proposed Second Amended Complaint further alleges that defendants acted with malice, a reckless and outrageous indifference to a highly unreasonable risk of harm, or a conscious indifference to plaintiff's welfare such that punitive damages are warranted.

Because all of plaintiff's claims arise under state law, plaintiff must plead punitive damages in accordance with O.R.S. 31.725(3)(a), which requires the showing of specific facts supported by affidavits or documentation "adequate to avoid the granting of a motion for a directed verdict to the party opposing the motion on the issue of punitive damages . . . ." In support of his motion, plaintiff has submitted an affidavit that generally sets forth the allegations to support a claim for punitive damages. However, this falls far short of the credible proof of malice, recklessness, or outrageous indifference that is required to recover punitive damages. *See* O.R.S. 31.730 (punitive damages are not recoverable unless the plaintiff shows by "clear and convincing evidence" that the defendant "acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm . . . .").

The court exercises its discretion under Federal Rule of Civil Procedure 16 to order plaintiff to provide the court and defendants with a clear statement of the evidence that would be offered at trial to support any claim for punitive damages. *See Clausen v. M/V New Carissa*, 171 F. Supp. 2d 1127, 1130 (D. Or. 2001). Plaintiff shall submit the statement and any supporting affidavits or documentation no later than July 11, 2005. At that time, the court will re-evaluate plaintiff's motion insofar as it pertains to the claim for punitive damages.

**CONCLUSION**

Plaintiff's Motion to File a Second Amended Complaint (Doc. #32) is GRANTED IN PART and DENIED IN PART. It is granted insofar as plaintiff is granted leave to amend his complaint to include a breach of warranty claim. As for the punitive damages claim, plaintiff is ordered to submit a statement detailing the evidence that would be offered at trial to support his claim for punitive damages. This statement shall be submitted to defendants and to the court no later than July 11, 2005.

IT IS SO ORDERED.

DATED this 13 day of June, 2005.

\_\_\_/s/ Ancer L.Haggerty_____
ANCER L. HAGGERTY
United States District Judge