UNITED STATES DISTRICT COURT

THE DISTRICT OF OREGON

BEN DIEP, a New York citizen,

Plaintiff,

Civil No. 04-984-HA

v.

OPINION AND ORDER

DURST-PRO-USA, INC., an Oregon corporation, WORLD IMAGES, INC., an Oregon corporation, and JENS J. JENSEN, an Oregon citizen,

Defendants.

---

HAGGERTY, Chief Judge:

Plaintiff alleges breach of contract, fraud, intentional and negligent misrepresentation, and violations of Oregon's Unlawful Trade Practices Act. On March 17, 2006, defendants filed a Motion for Partial Summary Judgment [86] on the fraud and negligent misrepresentation claims. Defendants also filed a Motion to Strike [97] plaintiff's materials filed in support of his response

to the summary judgment motion.

**BACKGROUND**

Plaintiff is a photographer with over twenty years of experience in the commercial photographic industry. On October 11, 2003, plaintiff and defendants executed an Order Confirmation/Bill of Sale for over $92,000 of photographic developing equipment (hereinafter referred to as the October Order), including a new Refrema Compact film processor, a Hostert film processor, and a Durst photographic enlarger. Sec. Am. Compl., Ex. A. The October Order stated that delivery and installation were included in the purchase price. *Id*. at 5.

After further negotiations, plaintiff agreed to purchase of additional photographic equipment worth over $62,000 from defendants. The parties executed a second Order Confirmation/Bill of Sale on January 20, 2004 (hereinafter referred to as the January Order). Sec. Am. Compl., Ex. B.

On May 15, 2004, defendants sent a letter to plaintiff clarifying the delivery and installation charges. Pl's. Opp. to Def's. M. for Partial S. J., Ex. T. Defendants stated that door-to-door delivery was included in the purchase price per the October and January Orders, but that unloading the truck, moving the equipment into the building, disassembling the equipment to take into the dark room, reassembling the equipment, and retaining movers and forklifts were not included. *Id*.

On May 26, 2004, defendants delivered the equipment to plaintiff's business space in New York. Plaintiff hired a moving crew to unload, disassemble and reassemble the equipment. Defendants began the installation process. On June 2, 2004 defendant Jensen left New York to repair and modify various materials and to obtain further materials in order to complete the

installation. Plaintiff refused to allow defendants to complete installation.

Defendants invoiced plaintiff approximately $12,000 for additional delivery and installation charges, including logistics, planning, and travel time. Plaintiff refused to pay those additional charges.

The Hostert film processor delivered by defendants was formatted for European use and required a large transformer for use in the United States. Defendants had not informed plaintiff such a transformer would be required and it was not listed in the October Order. On May 24, 2004 defendants billed plaintiff $2,500 for the transformer. Plaintiff refused to pay the invoice.

**STANDARDS**

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial. Fed. R. Civ. P. 56(c).

A non-moving party who bears the burden of proof at trial to an element essential to its case must make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element of the case or be subject to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Such an issue of fact is only a genuine issue if it can reasonably be resolved in favor of either party. *Anderson*, 477 U.S. at 250-51. This burden to demonstrate a genuine issue of fact increases where the factual context makes the non-moving

party's claim implausible. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Mere disagreement or the bald assertion that a genuine issue of material fact exists no longer precludes invoking summary judgment. *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). In other words, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586 (footnote omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

## ANALYSIS

### A. Fraud Claim

Plaintiff alleges generally that defendants made various misrepresentations regarding the photographic equipment ordered, and that plaintiff relied on those misrepresentations when entering into the contracts. Allegedly, these misrepresentations were made orally, in writing, and on defendants' website.

Defendants move to dismiss the fraud claim as a matter of law on grounds that it fails to meet the requirements of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires a pleader of fraud to "detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp., U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotations and citation omitted). A motion to dismiss a claim because of lack of necessary particularity under Rule 9(b) is the functional equivalent of a

Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim. *Id.* at 1107-08; *see also Whalen v. Carter*, 954 F.2d 1087, 1098 (5th Cir. 1992). Such a motion can be granted at summary judgment. *See, e.g., Caballero-Rivera v. Chase Manhattan Bank, N.A.*, 276 F.3d 85, 87 n.3 (1st Cir. 2002) (finding no procedural error in the district court's grant of summary judgment on the basis of plaintiff's inability to satisfy the particularity requirement of Rule 9(b)); *Murr Plumbing, Inc. v. Scherer Bros. Fin. Svcs.*, 48 F.3d 1066, 1070 (8th Cir. 1995) ("A district court may enter summary judgment dismissing a complaint alleging fraud if the complaint fails to satisfy the requirements of Rule 9(b)"); *Whalen*, 954 F.2d at 1098 (no error in granting summary judgment based on Rule 9(b)); *Carr v. New York Stock Exch., Inc.*, 414 F.Supp. 1292, 1301 (N.D. Cal. 1976) (finding the motion for summary judgment could be granted on the ground that the plaintiff failed to plead with sufficient particularity under Rule 9(b)).

In the Second Amended Complaint, plaintiff alleged:

> In or about 2003 , plaintiff and defendants entered into negotiations for the purchase of various pieces of photographic developing equipment.
>
> During the course of these negotiations, defendants intentionally made various representations regarding the type, quality, authorized installation/service provided for, and new and/or refurbished condition of various pieces of equipment plaintiff required for the operation of plaintiff's photograph developing business and which defendants represented they were able to supply to plaintiff.

Sec. Am. Compl. ¶ 8, 9.

This pleading fails the Rule 9(b) particularity requirement. The pleading lacks the who, what, when, where and how of the claim – which defendant made the representations, what were

the specific representations, when they occurred, or where they took place. *Vess*, 317 F.3d at 1106.

Plaintiff's argument that the Rule 9(b) motion is untimely and cannot be granted at summary judgment is without merit. As noted above, such motions have been granted at summary judgment. *See Caballero-Rivera*, 276 F.3d at 87 n.3; *Murr Plumbing*, 48 F.3d at 1070; *Whalen*, 954 F.2d at 1098; *Carr*, 414 F.Supp. at 1301.

Plaintiff requests that he be allowed to file a Third Amended Complaint to meet the requirements of Rule 9(b). Whether to grant or deny a motion to amend pleadings is a matter of the court's discretion. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir 1986). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). While Rule 15(a) should be interpreted with "extreme liberality," leave to amend is not to be granted automatically. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Leave to amend should not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 445 F.3d 1132, 1136 (9th Cir 2006) (citations omitted). Although no single factor is dispositive, prejudice to the opposing party is the most important factor. *Jackson*, 902 F.2d at 1387. In fraud cases, leave to amend should not be granted if the amendment would be futile. *Vess*, 317 F.3d at 1108 (citations omitted).

Here, in light of the fact that discovery has closed, summary judgment motions have been briefed and argued, and the trial is less than two months away, leave to amend would be prejudicial to defendants. Moreover, as discussed below, even if the allegations of fraud were

pled properly, they would all be dismissed on the merits. Leave to amend to assert the fraud claims would be futile. Accordingly, leave to amend the fraud claim is denied.

Assuming, *arguendo*, the fraud allegations warranted a review on the merits, they would be dismissed. Under Oregon law, to succeed on a fraud claim, plaintiff must show by clear and convincing evidence (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) an intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) reliance on its truth; (8) right to rely thereon; and (9) consequent and proximate injury. *Webb v. Clark*, 546 P.2d 1078, 1080 (Or. 1976).

Though not set out with particularity in his pleading, it appears from the declarations, deposition testimony, supporting memorandums, and other documentation submitted by the parties that plaintiff is alleging defendants made twelve fraudulent representations, each of which is analyzed on the merits below:

1. <u>Authorized agents</u>

Plaintiff claims that defendants intentionally misrepresented that they were authorized Hostert and Refrema agents. In his declaration, plaintiff states that defendant Jens Jensen advised plaintiff orally that defendants were authorized agents for Hostert and Durst. Declaration of Ben Diep (Diep Decl.) at ¶ 3. Plaintiff also testified by deposition that from 2002 to 2003, defendants' website offered a link to Refrema's website and proclaimed they were authorized Refrema dealers, although plaintiff could not recall the precise language on the website and failed to produce a copy of the website at that time. Declaration of Abby R. Michels in Supp. of Def's M. for S. J., Ex. A, pp. 76-79.

Plaintiff fails to establish the necessary elements for this fraud claim by clear and convincing evidence. There has been no evidence presented as to when the alleged verbal representations were made. Plaintiff also failed to produce a copy of defendants' website from 2002 or 2003. Plaintiff's vague declaration that during that time period the website made some allegation is insufficient to meet the burden of clear and convincing evidence.

Moreover, there is no evidence suggesting that defendants had knowledge of the falsity of the alleged representations at the time they were made. Defendants believed they were authorized agents until they were notified to the contrary by Refrema in February 2004. Declaration of William R. Joseph (Joseph Decl.), Ex. B at 1. Accordingly, any such representation to plaintiff was presumed truthful at the time it was made and was not intended to defraud plaintiff.

2. <u>Equipment was new or remanufactured to new condition</u>

Plaintiff alleges that defendants intentionally misrepresented that the equipment being sold was either new or remanufactured to new condition. Plaintiff assert that defendants promised a new Refrema processor, clips, hangers, and replenishing system, but instead delivered an "exhibition model."

There is no evidence that defendants represented that the clips, hangers, and replenishing system would be new. Plaintiff fails to meet his burden on this aspect of the claim.

It is undisputed that the October Order indicated that a new Refrema film processor would be delivered. However, plaintiff fails to meet his burden of establishing all the elements of a fraud claim by clear and convincing evidence. There is no evidence establishing that the exhibition model was used or outdated, or that at the time defendants made the representation

they knew the Refrema processor they would deliver would not be new. To the contrary, defendant Jensen testified that it was his belief that an exhibition model was the same as new. Moreover, plaintiff has offered no evidence that the representations were material or that he suffered any damages as a result of being delivered an exhibition model.

3. Statement that defendants could obtain equipment rejected by another customer

Plaintiff concedes that no fraud claim lies with this alleged representation.

4. Statement that defendants would provide the best possible service

Plaintiff concedes that no fraud claim lies with this alleged representation.

5. Equipment would be operable in the United States as delivered

Plaintiff alleges that defendants intentionally failed to disclose that the Hostert processor required an expensive and large power adapter to operate in the United States.

There is no evidence that defendants had knowledge at the time of the alleged failure to disclose that an adaptor was required. Moreover, there is no evidence that the alleged omission was material, or that plaintiff suffered any damage from the alleged omission because plaintiff has not paid defendants for the power adaptor. Accordingly, plaintiff fails to meet his burden of establishing the elements of the fraud claim by clear and convincing evidence.

6. Factory authorized technicians

Plaintiff alleges defendants misrepresented in the October Order that they only used factory trained and authorized technicians. Plaintiff also alleges that defendants orally represented that they used authorized technicians. Diep Decl. ¶ 5.

The October Order states that defendants "prefer to have our factory trained and authorized technician take care of repairs." Sec. Am. Compl. Ex. A at 6. At his deposition,

defendant Jensen admitted that he was not an authorized technician and that defendants had no authorized technicians on their staff for Hostert or Refrema equipment. Joseph Decl., Ex. G at 195-98.

As to the alleged oral representation, plaintiff has failed to provide evidence of where, when, or how it was made. As to the written representation, the cited clause in the October Order does not constitute a fraudulent representation that defendants have authorized technicians, because it states that defendants "prefer" to have authorized technicians do repairs, and goes on to state that plaintiff could use a third party technician for repairs. Sec. Am. Compl. Ex. A at 6. Moreover, plaintiff fails to demonstrate the materiality of the representation or justifiable reliance on the representation. Accordingly, plaintiff fails to establish an issue of material fact as to the elements of fraud on this claim.

7. Representation by defendants that plaintiff required additional equipment

Plaintiff concedes that no fraud claim lies with this representation.

8. Representation that defendants could obtain rebates

Plaintiff concedes that no fraud claim lies with this representation.

9. Requirement of down payments within shortened timeframe

Both the October and January Orders called for down payments with the remainder upon delivery. On March 18, 2004, defendants sent a letter to plaintiff stating that in order to "meet the installations dates it is important that [defendants] receive the final balance as soon as possible and no later than March 24." Joseph Decl., Ex. Q. In response, plaintiff paid the final balance on March 29, 2004. Defendants then delayed delivery until May 26, 2004. Plaintiff alleges that defendants fraudulently induced plaintiff to pay the entire contract price up front by

lying about delivery conditions and delays.

The letter of March 18, 2004 falls outside the scope of plaintiff's fraud claim, which is that the fraudulent representations induced him to purchase the equipment and enter into the two contracts. The letter was sent months after both contracts were signed. Moreover, there is no evidence that the representation was material, that at the time it was made defendants did not intend to honor it, that it was false when made, or that plaintiff was damaged by the statement.

10. Hidden costs, including unloading & transport of the equipment

Plaintiff alleges that defendants represented there would be no hidden costs to the contracts, and then charged plaintiff various additional, hidden costs. Both contracts state that the "equipment is sold **with** installation and **with** delivery included in the sales price." Sec. Am. Comp., Ex. A at 5; Ex. B at 6 (emphasis in original). Defendants also sent a letter dated January 11, 2004, stating that "no $10,000 surprises are built into or lurking in our equipment." Joseph Decl., Ex. S at 2.

Plaintiff acknowledges that the contract does not specify that unloading, transport, disassembly, and reassembly of the equipment were included in the price, but argues that it was reasonable to assume that such costs were included and that defendants made an implied misrepresentation. *See Heverly v. Kirkendall*, 478 P.2d 381, 382 (Or. 1970) (finding an implied misrepresentation, despite the lack of evidence of an express misrepresentation, in part because the parties engaged in considerable discussions about the general topic).

Here, there was no express misrepresentation. Unlike *Heverly*, there is no evidence the parties had any meaningful discussions about what was included in the "installation" and "delivery" until the May 15, 2004 letter noting that the disassembly and reassembly were not

included. Plaintiff fails to demonstrate by clear and convincing evidence that defendants made an implied misrepresentation.

Moreover, plaintiff has not met his burden of demonstrating defendants' knowledge of the falsity of the representation when it was made. There is no evidence that defendants knew disassembly and reassembly would be required, or that defendants knew plaintiff assumed any such costs would be included in the contract price. There is also insufficient evidence demonstrating the materiality of the representation, justifiable reliance on the representation, or damages, since plaintiff never paid the additional charges.

11. <u>Equipment was covered by factory warranties and defendants' own warranty</u>

Plaintiff alleges that defendants fraudulently represented that the equipment sold was covered by factory warranties and by defendants' own warranty.

In a letter dated October 10, 2003, defendants state that the equipment "will not only present itself as new, it will also function as such. It has been completely re-manufactured to new condition and is covered by +factory warranty - up to 5 years depending on the product." Joseph Decl., Ex. J at 6. The October Order contains no such warranty clause. The October Order states that "[a]ny warranties made by third-party manufacturers are assigned to the buyer but are not made by World Images, Inc." *Id*.

Defendants argue that the October 10, 2003 letter cannot be considered under the parol evidence rule and that, as a result, the only representation regarding a warranty is the disclaimer in the October Order. The parol evidence rule excludes consideration of negotiations or terms outside of an integrated, written contract. O.R.S. 41.740.

The Oregon parol evidence rule contains an exception for the proof of fraud. *Id*.

Plaintiff argues that the October 10, 2003 letter and its promise of a warranty fraudulently induced him to enter into the October Order and therefore falls within the fraud exception under Oregon's parol evidence rule. However, plaintiff offers no evidence that the warranty representation in the October 10, 2003 letter was material and fraudulently induced him to enter into the October Order. Plaintiff's argument is belied by the fact that plaintiff willingly signed the October Order, despite its express warranty disclaimer.

Moreover, plaintiff fails to provide clear and convincing evidence of justifiable reliance on the warranty representation in the October 10, 2003 letter. Plaintiff testified that he read and understood the express warranty disclaimer contained in the October Order prior to signing the contract. Plaintiff offers no evidence that at the time he entered into the contract, he was relying on the warranty representation in the October 10, 2003 letter as opposed to the warranty disclaimer contained in the contract itself. Accordingly, plaintiff fails to establish an issue of material fact as to the elements of fraud on this claim.

12. <u>Deliver the equipment ordered</u>

Plaintiff alleges defendants intentionally failed to deliver the equipment ordered. No evidence has been provided of a representation, its falsity, knowledge of its falsity, intent, or reliance. Accordingly, plaintiff fails to establish the necessary elements of this fraud claim.

**B. Negligent Misrepresentation Claim**

In the alternative to his fraud claim, plaintiff pled negligent misrepresentation. In Oregon, a claim for negligent misrepresentation in which only economic damages are sought "must be predicated on some duty of the negligent actor to the injured party beyond the common law duty to exercise reasonable care to prevent foreseeable harm." *Onita Pac. Corp. v. Trustees*

*of Bronson*, 843 P.2d 890, 896 (Or. 1992). Absent a relationship giving rise to a special duty, economic losses arising from a negligent misrepresentation between parties engaged in arms-length negotiations are not actionable. *Id*. at 897.

Here, plaintiff acknowledges there is no special relationship between the parties giving rise to a claim of negligent misrepresentation. Nevertheless, plaintiff now argues that this claim should be interpreted as a negligence claim. Plaintiff's attempt to amend his negligent misrepresentation claim is rejected as untimely and unfairly prejudicial.

Moreover, even if plaintiff could amend his claim to one of negligence, in Oregon, "to bring a tort claim based on conduct that is also breach of a contract, a plaintiff must allege, first, that the defendant's conduct violated some standard of care that is not part of the defendant's explicit or implied contractual obligation; and, second, that the independent standard of care stems from a particular special relationship between the parties." *Strader v. Grange Mut. Ins. Co.*, 39 P.3d 903, 906 (Or. App. 2002). Plaintiff's claim falls short of these requirements.

**C. Motion to Strike**

Defendants move to strike much of the material submitted by plaintiff in support of his response to the motion for summary judgment. The court did not rely on the disputed materials in reaching its decision, and the Motion to Strike is denied as moot.

**CONCLUSION**

Defendants' partial Motion for Summary Judgment [86] is GRANTED. The fraud and negligent misrepresentation claims against defendants are dismissed with prejudice. The fraud claim fails to meet the particularity requirement of Federal Rule of Civil Procedure Rule 9(b). Leave to amend the fraud claims is DENIED as futile, because even if the allegations had been

pled properly, they would be dismissed on the merits. Defendants' Motion to Strike [97] is denied as moot.

IT IS SO ORDERED.

DATED this __23__ day of June, 2006.

__/s/Ancer L.Haggerty______________
ANCER L. HAGGERTY
United States District Judge